*Umarov v. Bondi*

BIA
A088 427 584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

KHUSAN BALTABAEVICH UMAROV,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

23-6893
NAC

**FOR PETITIONER:**     Tatiana S. Aristova, Esq., Plainsboro, NJ.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Anna Juarez, Senior Litigation Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Khusan Baltabaevich Umarov, a native and citizen of Uzbekistan, seeks review of a decision of the BIA denying his motions to: (1) terminate his removal proceedings to apply for adjustment of status; and (2) grant him a remand to permit him to apply for cancellation of removal. *In re Khusan Baltabaevich Umarov,* No. A 088 427 584 (B.I.A. July 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the denial of a motion to reopen and the denial of a motion to remand for abuse of discretion. *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 335 (2d Cir. 2025); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Such abuse may be found only where the BIA's decision-making was "arbitrary or capricious,"

2

*Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005), as reflected by a decision that "provides no rational explanation" for the agency's conclusion, "inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements," *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (internal quotation marks omitted).

A respondent in removal proceedings is limited to one motion to reopen that generally must be filed within 90 days of the removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Umarov does not dispute that the motions he filed in 2018 and 2019, and renewed on remand in 2021, were untimely because they were filed more than 90 days after the BIA's 2014 decision affirming his removal order. And he has identified no statutory or regulatory exceptions to the deadline to apply for cancellation of removal or adjustment of status based on eligibility attained after the removal order. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will

ordinarily be denied."). He has likewise abandoned his argument that the BIA should have equitably tolled the 90-day period due to the intervening Supreme Court decision in *Pereira v. Sessions*, 585 U.S. 198 (2018). Instead, he only challenges the BIA's refusal to exercise its discretion to *sua sponte* reopen his removal proceedings despite the time limit. *See* 8 C.F.R. § 1003.2(a).

But "the decision to grant or deny a motion to reopen is solely within the discretion of the agency." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (alterations accepted). We have jurisdiction to review such a denial only "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Id.* There was no misperception here.

First, Umarov contends that the BIA misunderstood its authority to reopen, *i.e.*, that it found it had "no power" to reopen under 8 C.F.R. § 1003.2(a) to allow him to apply to adjust status. But the BIA made no such finding. Rather, it noted its authority to reopen *sua sponte* in "an exceptional situation" pursuant to Section 1003.2(a), but declined to do so based on petitioner's marriage, which occurred after he was ordered removed from the United States. This is hardly surprising,

4

since the BIA generally will not reopen a removal proceeding *sua sponte* "based on equites that were acquired while the noncitizen remained illegally in the United States after being ordered removed." CAR at 3 (internal quotation marks omitted).

Nor can it be said that the BIA ignored Umarov's arguments based on the time-stop rule relating to the calculation of the 10-year physical presence required for cancellation of removal under section 240A(b) of the INA, 8 U.S.C. § 1229b(b). *See Pereira v. Sessions*, 585 U.S. 198 (2018); *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). In fact, the BIA assumed that Umarov had accrued the requisite time, but found that he failed to show an exceptional circumstance warranting *sua sponte* reopening because becoming eligible for relief after a removal order is generally not exceptional. The BIA also found that he had failed to establish a prima facie claim for cancellation as there was insufficient evidence that his removal would cause the requisite hardship to his wife, a U.S. citizen, and that his failure to present evidence merited cancellation as a matter of discretion. *See Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 161 (B.I.A. 2020) ("Equities established [while in the United States after being ordered removed] generally do not constitute such truly exceptional circumstances as to warrant discretionary reopening.").

5

Umarov also argues that the BIA engaged in improper factfinding regarding his wife's hardship because his wife was not permitted to testify before the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts . . . the Board will not engage in factfinding in the course of deciding cases. . . . If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge."). But on a motion to reopen, the BIA may look at the evidence already on the record and consider whether a petitioner has established a *prima facie* case for the relief sought. *Huilin Zhu v. Garland*, No. 20-2217, 2022 WL 4350110, at *1 (2d Cir. Sept. 20, 2022); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006). That is precisely what the agency did here. Moreover, in addition to finding that Umarov's evidence did not establish that his wife would experience "exceptional and extremely unusual hardship" should he be removed, the BIA also concluded, in the alternative, that Umarov had not submitted evidence to support a grant of cancellation as a matter of discretion. CAR at 4. The latter ground is dispositive because the agency may deny cancellation as a matter of discretion even if an applicant is statutorily eligible. *See Hernandez v. Garland*, 66 F.4th 94, 100 (2d Cir. 2023) ("[C]ancellation

6

of removal is a two-step process, requiring both statutory eligibility and the agency's favorable exercise of its discretion." (internal quotation marks omitted)); *see also I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988) (holding that, in denying reopening, the BIA may skip the prima facie case requirement "and simply determine that . . . the movant would not be entitled to the discretionary grant of relief"). Because Umarov offered nothing more than a conclusory assertion that the BIA erred in its exercise of discretion, he has abandoned any challenge to this alternative basis. *See* Petitioner Br. at 9; *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.1 (2d Cir. 2005) (finding claim abandoned where brief "devote[d] only a single conclusory sentence to the argument").

Umarov also argues that the BIA failed "to provide a reasoned explanation" for denying reopening for adjustment of status, and asserts that the BIA erred in focusing on equities accrued after the removal order rather than on the change in law in *Pereira* and *Niz-Chavez*. But as noted above, the BIA clearly explained that Umarov's motion was untimely and that he had identified no statutory or regulatory exception to the 90-day deadline; the BIA then concluded that no exceptional circumstances warranted *sua sponte* reopening. The explanation was

undoubtedly "reasoned," and as previously articulated, we lack jurisdiction to review the BIA's decision not to reopen *sua sponte*. *See Li Chen*, 43 F.4th at 251–52.

Finally, Umarov argues that the BIA should have reopened and terminated his removal proceedings because his original notice to appear did not include a hearing date. To the extent that Umarov is reasserting the jurisdictional argument he raised in his 2018 motion to reopen, the argument fails, since the omission of the hearing date "does not void jurisdiction" where, as here, "a notice of hearing . . . is later sent to the alien." *Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021) (internal quotation marks omitted). And to the extent that Umarov is raising a different argument premised on the BIA violating a non-jurisdictional claim processing rule, that argument is unexhausted and will not be considered for the first time on appeal. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

\* \* \*

8

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court